NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALI ABDI, | : |
|  | : |
|  | : **Civil Action No. 12-7943 (SRC)** |
| Plaintiff, | : |
|  | : |
| v. | : **OPINION** |
|  | : |
| VERIZON and NORTH SHORE AGENCY, | : |
|  | : |
| Defendants. | : |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion for summary judgment filed by Defendant Verizon New Jersey Inc. ("Defendant" or "Verizon"). *Pro se* Plaintiff Ali Abdi ("Plaintiff" or "Abdi") has opposed the motion. The Court has considered the papers filed by the parties, and pursuant to Federal Rule of Civil Procedure 78, rules on the motion without oral argument. For the reasons that follow, the Court will grant summary judgment in Verizon's favor on Plaintiff's federal cause of action. It will remand the remainder of the case to the Superior Court of New Jersey.

      Abdi had been a customer of Verizon, a provider of telecommunications services. According to Abdi, his telephone, television and internet services were disrupted and/or failed to meet Abdi's expectations based on the service plan he purchased. Apparently, Verizon charged Abdi certain amounts that he did not believe he owed, and he contacted Verizon to protest the charges and have this matter rectified. The record shows that, after Abdi's Verizon service was

disconnected on or about June 8, 2012, Verizon placed Abdi's account with collection agencies, including one claimed debt of $350.70 submitted to the North Shore Agency for collection.

Abdi filed this lawsuit on or about December 2, 2012 in the Special Civil Part of the Superior Court of New Jersey naming Verizon and North Shore Agency as Defendants. The Complaint seeks almost $10,000 in damages for "failing to provide service as promised in the contract," for service disruptions and for "damaging the credit history of Plaintiff by reporting an invalid debt to his credit history." (Compl. at 1.) Defendant North Shore Agency removed the action to this Court on December 31, 2012.[1] It asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that this Court has original jurisdiction over civil actions arising under the laws of the United States.

Although the Complaint does not explicitly invoke a federal statute as the basis for the relief sought, the Court construes the pleading liberally, as it was filed by a litigant *pro se*. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (holding that when a plaintiff files his complaint *pro se*, the Court must liberally construe the pleadings and "'apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'") (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244-247-48 (3d Cir. 1999)). Insofar as the alleged wrongdoing consists of "reporting an invalid debt," the conduct on which Plaintiff bases his claim is governed exclusively by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The statute, in relevant part, provides as follows:

---

[1] At a conference held by the federal magistrate judge on April 17, 2013, Plaintiff stated on the record of proceedings that he voluntarily dismissed his claims against Defendant North Shore Agency. Based on this representation, the Court dismissed with prejudice Abdi's claims against North Shore Agency. See April 22, 2013 Order [docket entry 16].

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F). With the limited and explicit exception of certain disclosures involving malice or willful intent to injure the consumer, the FCRA preempts other claims predicated on the furnishing of information to a consumer reporting agency. Id.; 15 U.S.C. § 1681h(e); see also Cosmas v. Am. Express Centurion Bank, 757 F. Supp. 2d 489, 499-500 (D.N.J. 2010) (analyzing FCRA and holding that 15 U.S.C. § 1681t(b)(1)(F) bars all statutory and common law claims relating to the furnishing of credit information to consumer reporting agencies).[2] As neither the factual allegations of the Complaint nor the evidence of record proffered to the Court indicate that Verizon engaged in malicious conduct, nor that the subject disclosures were made to the consumer, relief for the alleged misconduct relating to Verizon's "reporting of an invalid debt to [Plaintiff's] credit history" is available exclusively under the FCRA. Cosmas, 757 F. Supp. 2d at 500; see also Hutchinson v. Delaware Sav. Bank FSB, 410 F. Supp. 2d 374, 384-85 (D.N.J. 2006) (holding that, except as narrowly provided in 15 U.S.C. § 1681h(e), the FCRA bars state law claims arising out of conduct related to consumer credit reporting). The Court thus properly construes the Complaint's factual allegations to plead for the relief available under the FCRA.

The Third Circuit has noted that the FCRA creates a private right of action for statutory violations. SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011). A consumer may sue under 15 U.S.C. § 1681n for willful noncompliance with the FCRA's duties.

---

[2] As explained by the district court in Cosmas, following its careful analysis of the interplay between the FCRA's preemption provision, 15 U.S.C. § 1681t(b)(1)(F), and its provision limiting liability in certain situations, 15 U.S.C. § 1681h(e), claims based on disclosures made with "malice or willful intent to injure [the] consumer" are cognizable only when the claims relate to information disclosed pursuant to particular statutory provisions, primarily involving disclosures to the consumer. See Cosmas, 757 F. Supp. 2d at 497-98.

Civil liability for negligent noncompliance is available under 15 U.S.C. § 1681o. To evaluate whether a claim under either of these provisions may survive the instant motion for summary judgment, the Court must review the statutory duties allegedly violated by Verizon.

As the alleged furnisher of credit information, Verizon is subject to various statutory responsibilities, set forth at in the FCRA at 15 U.S.C. § 1681s-2(a) and (b). Under subsection (a), the furnisher of information to consumer reporting agencies has a duty to provide accurate information. This provision is not applicable, however, to the instant action because the FCRA does not provide a private right of action for the violation such duties. SimmsParris, 652 F.3d at 358; see also 15 U.S.C. § 1681s-2(c) (providing that civil liability provisions are not applicable to violations of subsection (a)); 15 U.S.C. § 1681s-2(d) (providing certain federal and state government agencies and officials with the exclusive right to enforce the duties of section 1681s-2(a)). The provision that may be enforced by Plaintiff, 15 U.S.C. § 1681s-2(b), "imposes a duty to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances." SimmsParris, 652 F.3d at 357. Of critical importance to the motion before the Court, this duty is not triggered until two events occur: (1) the consumer must provide a consumer reporting agency with notice of a dispute as to a reported item and (2) the furnisher who provided the agency with the information in dispute must be notified by that credit reporting agency that there is a dispute with regard to the completeness or accuracy of the information. Id. at 358-59 (citing 15 U.S.C. § 1681s-2(b)(1)). The Third Circuit has held that the cause of action against a furnisher of credit information for a violation of section 1681s-2(b)(1) cannot be established without proof that the reporting agency to which the furnisher provided information notified the furnisher of the dispute as required by the FCRA in 15 U.S.C. § 1681i(a)(2)(A). Id.

4

at 358-59. Analyzing the framework and express language of the FCRA, the Third Circuit in SimmsParris made clear that the statute delineates the dispute and notice requirements which are essential to a claim for civil liability against an information furnisher. It held:

> Although consumer reporting agencies are subject to immediate suit by consumers under §§ 1681n and 1681o, furnishers of the information are not. Instead, a private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual.

Id. at 359.

In this case, movant Verizon has pointed to the absence of any evidence that Abdi submitted a dispute to a credit reporting agency regarding information reported by Verizon as to amounts allegedly owed by Abdi for his Verizon telecommunications services. Moreover, assuming, for the sake of argument only, that Abdi had disputed the accuracy of an item in a credit report, Verizon has further pointed to the absence of any evidence that such credit reporting agency notified Verizon of the dispute. Without such evidence, Plaintiff's FCRA claim against Verizon cannot prevail as a matter of law.

Verizon has met its burden of demonstrating that it is entitled to summary judgment on the FCRA claim pursuant to Rule 56(a). Summary judgment is appropriate under Federal Rule of Civil Procedure 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Abdi, in his opposition brief, argues that he "notified Verizon numerous times that he does not owe any money," that he "notified Verizon and the collection agencies that the debt is invalid," and that Verizon's reports to "collection agencies and all three credit agencies" of this invalid debt were false, and moreover, made with malice. (Pl. Br. at 9.) His opposition is insufficient to defeat the summary judgment motion because, apart from the lack of relevance of many of his assertions, no evidence whatsoever is proffered in support of the essential elements of an FCRA claim for a violation of section 1681s-2(b). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

The Court will accordingly grant summary judgment in Verizon's favor on Plaintiff's FCRA claim. This ruling will dispose of the only federal claim in this case and thus eliminate the basis for this Court's exercise of federal subject matter jurisdiction. Title 28 U.S.C. § 1367(c), under which the Court has supplemental jurisdiction over the state law claims,

authorizes this Court to decline to exercise supplemental jurisdiction upon the disposition of all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court has held that once federal claims are dismissed, a federal court should "hesitate to exercise jurisdiction over state claims," unless circumstances justify this exercise. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>see also</u> <u>New Rock Asset Partners, L.P. v. Preferred Entity Advancements,</u> 101 F.3d 1492, 1504 (3d Cir. 1996) ("once all federal claims have been dropped from a case, the case simply does not belong in federal court."). The Court concludes that because only claims for relief under state law remain, its continuing exercise of supplemental jurisdiction would not be appropriate. Therefore, in its discretion, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise such jurisdiction and will remand the action to the Superior Court of New Jersey, Essex County, Special Civil Part.

    An appropriate Order will be filed.

                                                           s/ Stanley R. Chesler
                                                          STANLEY R. CHESLER
                                                          United States District Judge

Dated: January 21, 2014.